IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TANNER'S TRUCK & EQUIPMENT, INC.                                    PLAINTIFF


v.                                    Case No. 6:19-cv-6137


BRIAN MUMEY and STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY                                                         DEFENDANTS

## ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company ("State

Farm")'s Motion to Dismiss.  (ECF No. 5).  Plaintiff Tanner's Truck & Equipment, Inc. filed a

response.  (ECF No. 13).  State Farm filed a reply.  (ECF No. 18).  The Court finds the matter ripe

for consideration.

## I.  BACKGROUND[1]

On July 20, 2019, a recreational vehicle ("RV") owned by Defendant Brian Mumey

("Mumey") caught fire and became disabled on the Highway 270 bypass near Hot Springs,

Arkansas.  The Garland County Sheriff's Office contacted Plaintiff to assist with recovery and site

remediation.  State Farm allegedly confirmed to Plaintiff that Mumey held a State Farm insurance

policy covering the RV for hazardous waste removal, remediation, and disposal costs.  Plaintiff

then removed the RV from the highway, stored the RV's remains pending payment, and provided

cleanup and remediation services at the site.

On July 22, 2019, Plaintiff contacted State Farm again and provided an invoice for services

rendered.  A State Farm agent allegedly approved the invoice and confirmed coverage for the

---

[1] The following factual recitation is taken from the well-pleaded allegations in Plaintiff's complaint.

services listed on the invoice. On August 5, 2019, State Farm requested that Plaintiff separate its invoice into separate categories of "liability" incurred by the RV and "cleanup" of the fuel spill and other hazardous waste. Plaintiff alleges that Mumey subsequently received money from State Farm but refuses to pay for Plaintiff's services.

On November 4, 2019, Plaintiff filed this action in the Circuit Court of Hot Spring County, Arkansas. Plaintiff seeks $14,908.44 and accumulated storage costs calculated at $75.00/day. Plaintiff also seeks $50,000.00 in connection with fraud perpetrated by State Farm, as its statements regarding the availability of coverage on Mumey's RV allegedly induced Plaintiff to perform the cleanup and remediation services. On December 3, 2019, State Farm removed the case to this Court pursuant to 28 U.S.C. § 1332, which allows for removal when there is complete diversity between parties and the amount of controversy exceeds $75,000.

On December 3, 2019, State Farm also filed the instant motion to dismiss, seeking dismissal of the fraud claim against it because Plaintiff failed to plead the claim with particularity, as required by Arkansas Rule of Civil Procedure 9(b). Plaintiff opposes the motion.

## II. STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint, so the court's inquiry is limited to whether the challenged pleadings set forth sufficient allegations to make out the elements of a right to relief. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).

Ordinarily, to survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, claims sounding in fraud are controlled by the heightened pleading standard of Federal

Rule of Civil Procedure 9(b).[2]  Rule 9(b) requires plaintiffs to plead "the circumstances constituting fraud . . . with particularity." Fed. R. Civ. P. 9(b).  To this end, the plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (internal citation and quotation omitted).  In other words, the party must specify the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  However, "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs. Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

### III. DISCUSSION

State Farm asserts that Plaintiff fails to state a claim of fraud upon which relief may be granted because it does not allege with particularity that State Farm knew or believed it was making a false statement, an essential element of fraud in Arkansas.  Accordingly, State Farm requests that the Court dismiss Plaintiff's complaint.

In response, Plaintiff states that State Farm represented that Mumey's RV had insurance coverage.  Plaintiff argues that State Farm, the issuer of the policy on Mumey's RV, knew or should have known that statement was false because Mumey's policy had a $250.00 limit for debris removal.  Plaintiff argues further that State Farm intended to induce Plaintiff to perform hazardous

---

[2] The parties' briefing papers argue whether Plaintiff's fraud claim is sufficiently pleaded under Arkansas Rule of Civil Procedure 9(b).  However, post-removal, this action is governed by the Federal Rules of Civil Procedure. *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 348 (8th Cir. 1988) (citing Fed. R. Civ. P. 81(c)). Admittedly, this distinction is largely academic because the federal Rule 9(b) is substantively identical to the Arkansas Rule 9(b).

waste removal. In support of these arguments, Plaintiff offers the affidavit of Jason Tanner, Plaintiff's principal operator. (ECF No. 15). In short, the affidavit states that Plaintiff performed the cleanup and remediation services based on the representation of State Farm agents that Mumey's RV had sufficient insurance coverage and that, had Plaintiff been informed that Mumey's policy had a $250.00 limit for debris removal, Plaintiff would not have performed the work.

In reply, State Farm states that Rule 12(b)(6) motions are ordinarily decided based on the pleadings alone. State Farm argues that the Court should not consider Plaintiff's affidavit and that, looking solely at the four corners of the complaint, Plaintiff has not stated a valid claim for fraud.

The Court agrees that Plaintiff's affidavit should not be considered. When assessing the sufficiency of a complaint under Rule 12(b)(6), courts must ordinarily confine the analysis to the four corners of the complaint and ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted). "The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003).

Plaintiff has not argued that the affidavit falls under any of the categories of extrinsic evidence that a court may review when conducting a Rule 12(b)(6) analysis. Thus, the Court finds consideration of the affidavit would be inappropriate because a Rule 12(b)(6) analysis must typically be made solely on the pleadings and Plaintiff has not shown that its affidavit falls under

any of the recognized exceptions to this rule.  Consequently, the instant motion will be resolved by looking at the four corners of the pleadings.

The Court now turns to the question of whether Plaintiff has stated a fraud claim upon which relief may be granted.  A federal court sitting in diversity, like the Court in this case, must apply the substantive law of the forum state.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, the Court must apply the substantive law of Arkansas.  To establish a claim of fraud in Arkansas, a plaintiff must show the following five elements:  "(1) a false representation, usually of a material fact; (2) knowledge or belief by the defendant that the representation is false; (3) intent to induce reliance on the part of the plaintiff; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff."  *Allen v. Allison*, 356 Ark. 403, 418, 155 S.W.3d 682, 693 (2004).

State Farm argues that Plaintiff's complaint contains no allegations as to the second element and, thus, Plaintiff has failed to state a claim of fraud.  Plaintiff argues in its response to the instant motion that State Farm knew or should have known the contents and limitations of the insurance policy it issued to Mumey and, thus, its representation to Plaintiff that Mumey's RV was covered was knowingly false.

The Court agrees with State Farm that Plaintiff fails to state a valid claim of fraud.  The Court has reviewed Plaintiff's complaint in its entirety and can find no allegation that State Farm or its agents knew or believed that its representations to Plaintiff were false.  The complaint alleges that State Farm twice confirmed to Plaintiff that Mumey had enough insurance coverage to pay Plaintiff and that Plaintiff performed the work based on those representations.  The complaint does not allege, even generally, that State Farm knew or believed that those representations were false. Plaintiff asserts this in its response brief opposing the instant motion, but allegations may only be

asserted in a complaint. *See K. T. v. Culver-Stockton Coll.*, No. 4:16-CV-165 CAS, 2016 WL 4243965, at *5 (E.D. Mo. Aug. 11, 2016) (refusing to consider allegations asserted for the first time in a response brief opposing a motion to dismiss), *aff'd*, 865 F.3d 1054 (8th Cir. 2017); *see also Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Moreover, Plaintiff has not sought leave to amend its complaint to allege State Farm's knowledge. Accordingly, the Court finds that Plaintiff's well-pleaded allegations, taken as true, fail to make out all elements for fraud in Arkansas. Accordingly, Plaintiff's fraud claim against State Farm fails and should be dismissed without prejudice pursuant to Rule 12(b)(6) and Rule 9(b).

## III. CONCLUSION

For the foregoing reasons, the Court finds that State Farm's motion to dismiss (ECF No. 5) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. Accordingly, Plaintiff's fraud claim against State Farm is hereby **DISMISSED WITHOUT PREJUDICE**.[3] No claims remain against State Farm, so the Clerk of Court is **directed** to terminate State Farm as a defendant to this case. Separate Defendant Mumey remains a party to this matter.

**IT IS SO ORDERED**, this 7th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] State Farm asks the Court to dismiss Plaintiff's complaint in its entirety based on Plaintiff's failure to state a fraud claim. However, as Plaintiff points out in its response brief, Plaintiff has asserted a fraud claim only against State Farm. State Farm has not moved for dismissal of whatever claims Plaintiff has asserted against Separate Defendant Mumey.